**GENERAL CASUALTY COMPANY of America, a corporation, Appellant,**

v.

**SCHOOL DISTRICT NO. 5, BAKER COUNTY, State of OREGON, ex rel. S. C. LYONS, Appellee.**

**No. 14650.**

United States Court of Appeals Ninth Circuit.

April 27, 1956.

Justin N. Reinhardt, Portland, Or., for appellant.

Dunn & Jackson, Baker, Or., for appellee.

Before STEPHENS, BONE and CHAMBERS, Circuit Judges.

BONE, Circuit Judge.

The above named School District commenced the instant ex rel. action to recover for the use and benefit of Lyons a balance claimed to be due from appellant for sheet metal work done by Lyons for this School District.

From the abbreviated record on appeal it appears that one James Lundgren, a resident of Washington (who was not served in this action) was doing business in Oregon under the name of Pacific Construction Company. This company was the general contractor on a high school and swimming pool job at Baker, Oregon; appellant became surety for Lundgren on this job. Appellant's brief states that Lyons testified that he was "employed" by Pacific Construction Co. to build and install a certain smoke vent in the high school. Sometime thereafter Lyons was employed to finish the remainder of the sheet metal work on the school.

The evidence regarding the labor and materials furnished by Lyons came from his time records kept by his employees and his bookkeeper, his social security tax returns, his State Industrial Accident returns, other "internal" records maintained by Lyons, summaries of his claims in this proceeding, and his oral testimony "explaining" the records offered in evidence. Both sides apparently called witnesses engaged in the sheet metal business to testify as to the value of the work done by Lyons, his labor costs, markups, and similar business operations.

Appellant's first contention is that "there is no evidence to support the finding of the District Court as to the number of hours for which Lyons is entitled to compensation." The evidence presents a picture of confusion. The records kept by Lyons are contradictory, and his oral evidence is equally confusing. On this appeal appellant also asks us to review a finding of fact on the amount of labor involved, and urges us to hold that this finding is not supported by the evidence.

On an issue of this kind Cleo Syrup Corp. v. Coca-Cola Co., 8 Cir., 1943, 139 F.2d 416, at pages 417–418, 150 A.L.R. 1056, certiorari denied 1944, 321 U.S. 781, 64 S.Ct. 638, 88 L.Ed. 1074, states the common rule:

> "This Court, upon review, will not retry issues of fact or substitute its judgment with respect to such issues for that of the trial court. [Citing cases.] The power of a trial court to decide doubtful issues of fact is not limited to deciding them correctly. [Citing cases.] In a non-jury case, this Court may not set aside a finding of fact of a trial court unless there is no substantial evidence to sustain it, unless it is against the clear weight of the evi-

dence, or unless it was induced by an erroneous view of the law. [Citing cases.]"

A pre-trial order was entered, approved by the parties and superseded the pleadings. This order stated the amount *claimed* by Lyons. During the trial, he revised the amount of the claim so stated, and by this trial amendment the amount of his claim was substantially reduced.

■ At the conclusion of the trial the lower court awarded an amount to Lyons which was even less than the amount claimed in the amended pre-trial order. We are unable to conclude that the amount of the final judgment, $2,859.61, (plus interest) is "clearly erroneous" or unjust in light of the confusion both in the records offered as exhibits and in the oral testimony. West v. Conrad, 9 Cir., 1950, 182 F.2d 255.

Appellant would have us say that since the business records of Lyons furnished the evidence in this case, the oral testimony can be ignored. Cases support appellant's contention that the District Judge's findings of fact (where some part or the bulk of the evidence consists of documentary evidence) are "subject to free review unaffected by presumptions which ordinarily accompany * * findings on controverted issues", Carter Oil Co. v. McQuigg, 7 Cir., 1940, 112 F. 2d 275, at page 279; Equitable Life Assurance Society of United States v. Irelan, 9 Cir., 1941, 123 F.2d 462 (testimony introduced by deposition); Smith v. Royal Insurance Co., Ltd., 9 Cir., 1942, 125 F.2d 222, certiorari denied 1942, 316 U.S. 695, 62 S.Ct. 1291, 86 L.Ed. 1765 (documentary evidence); Johnson v. Griffiths S. S. Co., 9 Cir., 1945, 150 F.2d 224 (depositions); Murphey v. United States, 9 Cir., 1950, 179 F.2d 743; 5 Moore, Federal Practice (2d Ed., 1951) § 52.04, p. 2637.

■ We do not take issue with the general rule above stated, for we think it is not applicable in the instant case. While the "internal" records of Lyons were of basic value, as evidence, there was considerable oral testimony by Lyons himself in which he explained his records. There was also testimony of others engaged in sheet metal work. Appellant states in its brief (the only brief filed) that the cross-examinations of Lyons by appellant led to the amendment of the pre-trial order, a procedure which could only have served to emphasize the importance of the oral testimony "explaining" the records along with the demeanor of the witnesses. We do not feel free to undervalue the important function of the trial judge in the difficult task of sorting out and evaluating this mixed and confusing type of evidence for it is evident that the oral testimony became an evidential factor of great, if not controlling, importance. The Seventh Circuit recently commented on a similar situation and its holding on this particular point is highly pertinent. Koehler v. Ellison, 1955, 226 F.2d 682, 686.

■ On the whole record we are unable to conclude that the findings are "clearly erroneous." "Full effect will always be given to the opportunity which the trial judge has, *denied to us*, to observe the witnesses, judge their credibility, and draw inferences from contradictions in the testimony of even the same witness." Pacific Portland Cement Co. v. Food Machinery & Chemical Corp., 9 Cir., 1950, 178 F.2d 541, at page 548.

Appellant also asserts that there is no basis upon which the lower court could have made its findings of fact as to the number of hours worked by Lyons (and his employees). This contention is advanced because the lower court found that the hours worked were *less* than any hours entered in the records of Lyons. We do not believe this finding is open to serious challenge. Apparently, Lyons did modify some of his records (admitted in evidence) by his oral testimony, and the lower court also had before it for consideration the testimony of the other witnesses who were experienced in the sheet metal business. Despite appellant's vigorous contentions on this point,

we cannot say that we are left with the definite and firm conviction that a mistake has been committed.

Another claim of error presented by appellant is predicated on an oral stipulation entered into between the parties toward the end of the trial. It was couched in terms suggested by appellee and reads as follows:

"It is stipulated that if we [appellee Lyons] recover the amount originally set forth in the pre-trial order $1,000 is a reasonable amount as attorney's fees."

In its judgment, the lower court awarded appellee an attorney's fee of $1,000.00. Appellant attacks the size of this fee pointing out that the judgment finally awarded represented less than 54% of the amount claimed in appellee's original pre-trial order. The record shows that it was during a recess at the trial that appellee caused the original pre-trial order to be amended to state his claim in a much smaller amount than was claimed in the original order.

It was agreed in the original pre-trial order that the "amount involved" in the suit was "in excess of $3000.00." The trial record shows that the amount prayed for in appellee's complaint was in excess of $5000.00. The noted amendment of the pre-trial order reduced appellee's claim to approximately $4,000.00. The judgment of the court awarded appellee only $2859.61.

Appellant argues generally that based on the amount involved, appellee was entitled to no more than $300.00 attorney's fees; that the Oregon State Bar *recommends* a fee on the foreclosure of mechanics liens of $150.00 where the amount involved is $1500.00 and $395.00 where the amount involved is $5000.00. It further contends that based upon results accomplished appellee was entitled to no more than $540.00 attorney fee; that every equitable consideration in this case militates against allowance of a fee as large as $1000.00; that appellee's original claim was known by him to be unjust and was found to be unjust by the trial court even after it was reduced by appellee.

It is upon this theory that appellee bases the contention that the allowed attorney's fee was excessive and amounted to a "penalty" since there was no showing of bad faith or unfairness in appellant's conduct. It has pointed out in its brief that the State statutes under which the instant action was instituted provide for allowance of attorney fees to the prevailing party. See Oregon Revised Statutes, sections 279.512 and 279.516. The latter section provides that the prevailing party *"shall recover such attorney's fees therein as the court shall adjudge reasonable."* The judgment recites that the plaintiffs have and recover the sum of $2859.61 *"and the further sum of $1000.00 reasonable attorney's fees,"* and costs, all of said sums to bear interest. (Emphasis supplied.)

We were not favored with a brief from appellee and we have before us only a brief and sketchy narrative statement of the testimony. This is a diversity case and the lower court was required to apply Oregon law (here provisions of statute law which are clear and unequivocal). Pursuant to that authority the court formally adjudged the fee of $1000.00 to be "reasonable." It did so with full knowledge of the stipulation and all of the evidence, and we find no basis in the scanty record before us for concluding that the lower court did not, from the evidence and records before it, give full consideration to the reasonable value of attorney's services. The pretrial order also set forth appellee's demand for a "reasonable" attorney's fee of $1000.00. Appellant's position was stated in question form in the pre-trial order, as follows: "Is relator entitled to recover an attorney fee? If so, in what amount"? The lower court answered that question by specifically finding that "relator [Lyons] is entitled to reasonable Attorney's fees in the amount of $1000.00." It concluded that appellee should be allowed "the further sum of $1000.00 reasonable attorneys' fees, with the costs of the relator herein."

The size of the judgment for attorney's fees was within the orbit of discretion of the lower court. The judgment is affirmed.