**Joseph B. FILGER, Appellant,**

v.

**PLAX CORPORATION, Appellee.**

**No. 13423.**

United States Court of Appeals
Sixth Circuit.

Dec. 3, 1958.

Truman A. Herron, and Robert S. Marx, Cincinnati, Ohio (Edmund P. Wood, of Wood, Herron & Evans, Cincinnati, Ohio, Squire Ogden and Malcolm Y. Marshall, of Ogden, Galphin & Abell, Louisville, Ky., on the brief), for appellant.

James P. Burns, Washington, D. C., and R. Lee Blackwell, Louisville, Ky. (Edward S. Irons of Burns, Doane, Benedict & Irons, Washington, D. C., Bullitt, Dawson & Tarrant, Louisville, Ky., on the brief), for appellee.

Before ALLEN, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court dismissing plaintiff's [1] complaint and amended complaint which stated an action for royalties alleged to be due upon sales of a plastic squeeze bottle dispenser. Plaintiff, owner of a patent for such a dispenser, and defendant, a manufacturer of plastic bottles, had agreed May 6, 1952, as follows:

"In consideration of a promise by Plax to pay to Filger a royalty of One and One-Half Cents ($.015) for each complete dispenser unit for nose drops or the like identical or substantially identical with that dis-

---

1. The parties will be denominated as in the court below.

closed by Filger's United States Patent No. 2,577,321 of December 4, 1951, manufactured and sold by Plax on an order from Winthrop-Stearns, Inc., which the parties expect soon to be placed with Plax, and on re-orders for like units, Filger agrees and promises that he will not charge infringement of his Patent No. 2,577,321 because of such manufacture and sale by Plax."

After paying royalties on a certain number of the dispensers, in 1953 defendant advised plaintiff that it was necessary for Winthrop-Stearns, Inc., to adopt a new unit which was "not covered by the Plax-Filger agreement or by Filger Patent No. 2577321." The new units were manufactured in quantity and this action followed. The District Court in its memorandum found that the original and expected reorder for dispenser units placed by Winthrop-Stearns, Inc., with Plax, as stated in the above contract, was for dispensers which are identical with Exhibit 6, a squeeze bottle dispenser introduced in evidence. Only one reorder of Exhibit 6 dispensers was made and it was cancelled on February 16, 1953. Exhibit 6 is the complete dispenser unit on which royalty was paid and embodies the preferred form of the Filger squeeze bottle, together with the cap therefor. The type of dispenser unit manufactured and sold by defendant to Winthrop-Stearns, Inc., on which royalty was not paid is Exhibit 8.

The District Court made detailed findings of fact and conclusions of law with reference to which plaintiff in his brief herein says "there is no instance of a fact statement which can be said to be clearly erroneous * * *."

The District Court found, among other things:

"The Exhibit 8 dispenser is not identical or substantially identical with the complete dispenser unit disclosed by Filger's United States Patent No. 2,577,321 for the following reasons:

"a. Neither in Filger's Exhibit 6 dispenser nor in any embodiment described in Filger's patent, is there disclosed anything but a friction or 'snap-on' cap—which Plax's Exhibit 8 dispenser does not use.

"b. Neither in Filger's Exhibit 6 dispenser, nor in any embodiment disclosed in Filger's patent is the force for removing the cap applied at right angles to the direction of the spray jet ejected from the bottle on application of pressure thereto—as is done in the Plax Exhibit 8 dispenser.

"c. Neither in Filger's Exhibit 6 dispenser, nor in any embodiment disclosed in Filger's patent, is the separate nasal insertion portion provided with a flexible sleeve or skirt to accommodate itself to the interior of the bottle neck without other means of securing it to the bottle neck—as is done in the Plax Exhibit 8 dispenser.

"d. Neither in Filger's Exhibit 6 dispenser, nor in any embodiment of Filger's patent, is any portion of the plug or nasal insertion portion subjected to a vise-like clamping action to provide second seal—as is the case in the Plax Exhibit 8 dispenser."

Having conceded in the proceedings below that the only issue of fact was whether the dispenser presently being sold by defendant was substantially identical with the disclosures of the Filger patent, and also that there was no other issue involved in the case, adroit attorneys for plaintiff now contend that the findings of fact specifically made by the District Court and not questioned for correctness are either ultimate facts or legal conclusions which must be reviewed here. The fact that some evidence was documentary and in exhibit form is also stressed.

A similar contention was made and overruled by this court in Andrew Jergens Company v. Conner, 6 Cir., 125 F.2d 686. Appellants there urged that the findings of the trial court were not binding on appeal because they were ultimate facts or legal conclusions. The

court dismissed this contention as having no merit under Federal Rules of Civil Procedure rule 52(a), 28 U.S.C.

 The circumstance that evidence herein was presented in documentary form, depositions and other exhibits, is immaterial. Over 400 pages of oral testimony were taken in open court, witnesses for both parties testifying and explaining exhibits offered by both parties. As stated in General Casualty Company v. School District No. 5, 9 Cir., 233 F.2d 526, 528, "the oral testimony became an evidential factor of great, if not controlling, importance." We are not authorized to substitute our judgment for that of the District Court with reference to the inference properly to be drawn from this testimony.

Defendant, prior to the execution of the contract involved, manufactured a complete dispenser unit in the shape of a plastic squeeze bottle for spraying nose drops into the nostrils. It was, like plaintiff's squeeze bottle, made of polyethylene and it had a screw-threaded cap. Exhibit 6 has a snap-on cap. In Exhibit 8 defendant reverted to the use of the screw-threaded cap which was shown to be stronger and to afford a safer seal than the snap-on cap of Plaintiff's Exhibit 6. This is not a suit for patent infringement, but, in light of the contention that defendant appropriated plaintiff's device, the above facts have bearing.

The only questions presented here are whether the findings of fact made by the District Court are sustained by any substantial evidence and whether the facts found support the judgment. Corey v. Atlas Coal and Coke Company, 6 Cir., 277 F. 138. If the findings of fact are sustained by the record they clearly support the judgment.

This judgment should be affirmed for the sole reason that the findings of the District Court are not clearly erroneous, Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C., and that the facts found support the judgment. If a second reason for sustaining the judgment is required, it is available.

There is no dispute in the evidence that only one reorder of Exhibit 6 was made. The Exhibit 8 dispenser unit was ordered by Winthrop-Stearns, Inc., on a new order. The new and subsequent orders for the Exhibit 8 dispenser units were not, as defendant contends, "reorders of like units" within the terms of the contract quoted above. Winthrop-Stearns, Inc., was not a party to the contract. Defendant under the contract could not require Winthrop-Stearns, Inc., to make reorders. The parties only expected reorders "soon to be placed with" defendant. Manifestly defendant never intended to pay royalties on the device of its own creation and manufacture embodied in Exhibit 8 and no such promise was included in the contract. Cf. Young v. Ralston-Purina Company, 8 Cir., 88 F.2d 97. It follows that no liability against defendant exists herein.

The judgment of the District Court is affirmed.