Athalie Irvine SMITH, Appellant,

v.

The JAMES IRVINE FOUNDATION, a corporation, et al., Appellees.

No. 22607.

United States Court of Appeals Ninth Circuit.

Oct. 14, 1968.

Rehearing Denied Dec. 18, 1968.

Lyndol L. Young (argued), Los Angeles, Cal., for appellant.

Carl Boronkay (argued), Deputy Atty. Gen., Howard J. Privitt (argued), of McCutchen, Black, Verleger & Shea, Los Angeles, Cal., C. B. Renfrew (argued), of Pillsbury, Madison & Sutro, San Francisco, Cal., Thomas C. Lynch, Atty. Gen., Gibson, Dunn & Crutcher, Lillick, McHose, Wheat, Adams & Charles, Los Angeles, Cal., Hall, Henry, Oliver & McReavy, San Francisco, Cal., J. F. Kimberling, Los Angeles, Cal. (argued), for appellees.

Before PICKETT*, STALEY*, and JONES*, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Central District of California. Plaintiff-appellant, Athalie Irvine Smith, is a citizen of the State of Virginia while, for the purposes of Federal jurisdiction, all defendants-appellees are citizens of the State of California. Jurisdiction in the district court was thus invoked under 28 U.S.C. § 1332 and was based on diversity of citizenship. It is undisputed that the law of California applies.

The district court, in its learned and exhaustive memorandum opinion, Smith v. The James Irvine Foundation, 277 F. Supp. 774 (C.D.Calif., 1967), quite ably collated and detailed the material facts of this case. That effort need not be duplicated here. Our task on this appeal is basically that of determining whether the district court erred in holding that the trust indenture executed by James Irvine on February 24, 1937, established a valid trust for charitable purposes; that a charitable foundation, The James Irvine Foundation, had valid title to the disputed shares of stock passing under the trust indenture; and that neither the heirs at law of James Irvine nor the beneficiaries under his will had any right, title or interest in the contested shares.

* Sitting in the Ninth Circuit by designation.

Appellant argues that the district court did err in its analysis and disposition of the legal issues, and she challenges some forty-one findings of fact as being clearly erroneous. With respect to the latter, appellant contends, *inter alia*, that the district court clearly erred in finding that James Irvine did not have possession of the trust indenture subsequent to its execution; that the indenture of trust was not found in his safe deposit boxes after his death; that the trust indenture, following its execution, was delivered to The James Irvine Foundation and was in its possession thereafter; that the certificates of stock were endorsed in blank and delivered to the Foundation; and that appellant failed to meet her burden of establishing the nondelivery of the contested shares.

Rule 52(a) of the Federal Rules of Civil Procedure instructs reviewing courts to pay due regard to the opportunity of the trial court to judge the credibility of witnesses, and enjoins the setting aside of findings of fact except where "clearly erroneous." It is said that a finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). See also, Harries v. United States, 350 F.2d 231, 235 (C.A.9, 1965); Pacific Portland Cement Co. v. Food Machinery & Chemical Corp., 178 F.2d 541, 548 (C.A.9, 1949). And it is now settled that in reviewing the record we are not to retry the issues of fact nor to supplant the district court's judgment with that of our own. Tonkoff v. Barr, 245 F.2d 742, 750 (C.A.9, 1957); General Casualty Co. v. School District No. 5, 233 F.2d 526, 527 (C.A.9, 1956); Carr v. Yokohama Specie Bank, Ltd., 200 F.2d 251, 255 (C.A.9, 1952). Rather, since it is presumed on appeal that the district court's findings are correct, Glens Falls Indemnity Co. v. United States ex rel. and to Use of Westinghouse etc., 229 F.2d 370, 373 (C.A.9, 1955); Anderson v. Federal Cartridge Corp., 156 F.2d 681, 684 (C.A.8, 1946), our role is limited to that of determining whether appellant has rebutted this presumption of correctness by demonstrating that contrary findings are warranted when the evidence is taken as a whole and considered in a light most favorable to the appellees. Harries v. United States, supra, 350 F.2d at 235; Wineberg v. Park, 321 F.2d 214, 218 (C.A.9, 1963). In our view, appellant has failed to carry her burden in this respect, for after considering her assertions and after thoroughly examining the voluminous record in this appeal, we are far from a "definite and firm conviction that a mistake has been committed." To the contrary, we are not in the slightest convinced that the district court's findings are erroneous—clearly or otherwise; consequently, those findings will not be disturbed.

Appellant's attacks upon the district court's application of the law to the facts are as unpersuasive as her challenges to the findings of fact. Among other things appellant contends that the district court erred in concluding that the trust indenture did not establish a mere agency but rather a valid trust for charitable purposes; that the trust was exempt from the California Rule Against Perpetuities; and that it was not the intention of James Irvine in executing the trust indenture to invest the directors of The James Irvine Foundation with uncontrolled discretion to continually freeze all of the income into principal and thereby defeat the charitable purposes and objectives of the trust.

We have carefully reviewed the decision in the full light of appellant's vigorous and broadly-based assault upon it.[1] The district court, properly applying the California law, skillfully organized a complex of issues into a comprehensive legal mosaic. We can find no error.

Affirmed.

---

1. We have also given due consideration to the material submitted to the court by appellant at oral argument.