**Winston A. RUSSELL,**
**Plaintiff-Appellee,**

v.

**PUGET SOUND TUG & BARGE CO.,**
**Defendant-Appellant.**

No. 83–4268.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1984.

Decided July 20, 1984.

William F. Dippolito, Tacoma, Wash., for plaintiff-appellee.

Mark Edwin Johnson, Lane, Powell, Moss & Miller, Seattle, Wash., for defendant-appellant.

United States District Court for the Western District of Washington.

Before ANDERSON, POOLE and NELSON, Circuit Judges.

POOLE, Circuit Judge:

Defendant appeals from an order of the district court entering judgment on a disputed settlement agreement. Because the district court erred in failing to hold an evidentiary hearing on defendant's challenge to the settlement agreement, we reverse.

On August 24, 1982, while working as a seaman aboard a tug owned by defendants, plaintiff Russell was struck in the left arm by a "pee-vee," or wooden lever. Russell sued under the Jones Act, 46 U.S.C. § 688, claiming that his injured arm disabled him as a seaman. At his deposition, Russell stated that he could not straighten his left arm and had difficulty lifting objects. He made similar statements to medical and

vocational experts hired by defendant, and at a later conference with defendant's attorneys claimed that his activity was so limited that even getting dressed caused him pain.

On September 16, 1983, the parties agreed to settle Russell's claim for $275,-000.

Within the following week, private investigators who had been hired by defendant to observe Russell and who were not notified of the settlement agreement, "noted substantial increase in [Russell's] use of his left arm". Motion pictures were taken of Russell lifting various sorts of building materials. On viewing these films, defendants' medical and vocational experts stated that they would revise their opinions of Russell's disability.

On October 17, 1983, defendant moved for recission of the settlement agreement and asked the district court to hold an evidentiary hearing at which it might present, among other things, the new motion picture evidence. The district court, without holding a hearing, denied the motion and entered judgment for plaintiff.

The denial of appellant's motion without a hearing was an abuse of the district court's discretion. Summary enforcement of a settlement agreement "is ill-suited to situations presenting complex factual issues related either to the formation or the consummation of the [settlement] contract, which only testimonial exploration in a more plenary proceeding is apt to satisfactorily resolve." *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C.Cir. 1969). *See also Millner v. Norfolk & W.R. Co.*, 643 F.2d 1005, 1009 (4th Cir.1981); *Kukla v. National Distillers Products Company*, 483 F.2d 619, 621 (6th Cir.1973); *Massachusetts Casualty Insurance Co. v. Forman*, 469 F.2d 259, 260 (5th Cir.1972).

The judgment of the district court is REVERSED, and the case is REMANDED with instructions to hold an evidentiary hearing on appellant's claimed grounds for recision.