867 F.2d 613
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 TELSTAR, INC., a corporation, Plaintiff-Appellee,
v.
TELSTAR CORPORATION, Defendant-Appellant.
 
 1
 No. 88-1515.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted* Dec. 16, 1988.
Decided Jan. 23, 1989.
 
 3
 Before BRUNETTI and LEAVY, Circuit Judges, and JESSE W. CURTIS,** District Judge.
 
 
 4
 MEMORANDUM***
 
 
 5
 This is an appeal from an order enforcing a stipulation and judgment. Appellant contends that the lower court erred in refusing appellant an evidentiary hearing. Finding no error, we AFFIRM.
 
 
 6
 In August 1982, plaintiff-appellee, Telstar, Inc., filed a complaint against defendant-appellant, Telstar Corporation, concerning the use of the service mark "Telstar" by Telstar Corporation. The action was settled, and a stipulation and judgment were rendered September 9, 1982.
 
 
 7
 Sometime thereafter, a dispute arose between the parties concerning the allowable use of the service marks "Telstar" and a satellite design under the settlement agreement as incorporated in the judgment. Article 5.8 of the agreement states:
 
 
 8
 Manner of Use of Marks. Licensee [Telstar Corp.] shall exercise its best efforts to display both Marks in close proximity to each other, except where such dual display would be impractical.
 
 
 9
 A violation of that or any other article bestowed on Telstar, Inc. the right to terminate the licensing agreement pursuant to Article 10.3, which reads:
 
 
 10
 Violation. If Licensee shall violate any of its duties or obligations under any terms of this Agreement ... Licensor shall have the right to terminate the license hereby granted upon sixty (60) days' notice in writing, and such notice of termination shall become effective unless Licensee shall completely remedy the violation within the sixty (60) day period and satisfy Licensor that such violation has been remedied.
 
 
 11
 On July 21, 1987, Telstar, Inc., alleging a violation of Article 5.8, moved under Fed.R.Civ.P. 70 to enforce the judgment and to permanently enjoin Telstar Corp. from using the service marks. Specifically, Telstar, Inc. alleged that Telstar Corp. was not complying with Article 5.8 of the licensing agreement,[1] by not placing the marks in close proximity to each other, for not prominently displaying the satellite mark in some instances and in other instances for not including the satellite mark at all.
 
 
 12
 In support of its motion, Telstar, Inc. submitted the unnotarized declaration of John C. Gilmore, Executive Vice-President of Telstar, Inc., along with several exhibits enumerating various violations. In its opposition, Telstar Corp. submitted a sworn affidavit of Gerald A. Bartel, Chairman of the Board of Telstar, Corp. in which Bartel stated generally that the affidavit of Gilmore "contain[ed] numerous purported factual allegations which are simply untrue" and asked for an evidentiary hearing, but he did not deny the specific charges contained in Gilmore's statement. It is the district court's refusal to grant an evidentiary hearing that constitutes the main thrust of this appeal.
 
 
 13
 We review the district court's enforcement of a settlement agreement for abuse of discretion. Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987); Russell v. Puget Sound Tug & Barge Co., 737 F.2d 1510, 1511 (9th Cir.1984).
 
 
 14
 Appellant claims the district court improperly denied its request for an evidentiary hearing as there were disputed facts to be resolved: specifically, the question of the "impracticality" of displaying both marks in proximity of each other. Telstar Corp. claims that if it had been "afforded the opportunity, it would have presented evidence demonstrating the impracticality of the dual display."
 
 
 15
 However, Telstar Corporation's opposition to the motion to enforce the settlement agreement and Bartel's supporting affidavit raised no such issue. The district court had before it only the claim that the mark was being improperly used in the particular instances set forth in their motion, none of which were specifically denied. The contention that "impracticality" was an issue was first raised on appeal. The case in its posture before the district court presented no issue of fact justifying an evidentiary hearing.
 
 
 16
 Telstar Corp. relies on Callie for the proposition that parties must be allowed an evidentiary hearing where material facts concerning the existence or terms of an agreement to settle are in dispute. However, in Callie there was a clear question of fact to be resolved, whereas in this case there were no contentions urged in the court below which raised a material question of fact. 829 F.2d at 891-92.
 
 
 17
 For the foregoing reasons, we conclude that the district court did not abuse its discretion in enforcing the settlement agreement. The district court's order is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Telstar, Inc. also addressed additional alleged "violations" by Telstar Corp. These additional "violations" are not presently before this court