114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Darrel D. SMITH, Debtor,
Darrel D. SMITH, Appellant,
v.
DOUMANI FAMILY; Mitzi S. Briggs; Briggs Family; Briggs
Investment Company, Appellees.
 No. 96-16627.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1997.
Decided May 21, 1997.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and ZAPATA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 I. Background
 
 3
 This case arises from a dispute relating to the sale and proceeds of the Tropicana Hotel and Casino in Las Vegas, Nevada. In 1975, Appellee Mitzi Sigall Briggs (Mitzi) purchased 80% of the stock of International, Inc. (International). International owned Hotel Conquistador, Inc. (HCI) which did business as Tropicana Resort Hotel & Casino in Las Vegas, Nevada (Tropicana). In 1979, HCI sold the Tropicana to Ramada of Nevada, Inc. In 1980, Mitzi married Appellant Darrel Smith, an accountant for Mitzi and her family partnership, the Briggs Investment Company (BIC) and co-trustee for some Briggs family trusts. The Tropicana sales agreement contained an unfavorable "earn out" provision which tied the Ramada's purchase price to revenues achieved by the hotel. Darrel Smith worked to negotiate a settlement with Ramada and succeeded in replacing the earnings formula with a sum certain price. Smith now claims that part of the proceeds from the Tropicana sale have become community property through transmutation. Ramada defaulted on its obligation to pay for Tropicana and was sued by HCI.
 
 
 4
 In 1984, Mitzi signed an agreement to transfer all of her interest in the Tropicana to Appellee Edward Doumani (Doumani) and his family. Smith alleges that this transaction did not transfer any real interest to Doumani but was made for the sole purpose of showing a capital loss in the sale of the Tropicana to shield Mitzi from tax liability incurred that year. In 1987, Mitzi filed a divorce action against Smith. In 1990, after an appeal to the Nevada Supreme Court, HCI won a $34 million verdict against Ramada. See Ramada Inns v. Hotel Conquistador, 835 P.2d 58, 106 Nev. 1036 (1990). Neither Mitzi nor Darrell Smith received any of the proceeds. Instead, the primary recipients were Edward Doumani, his family, and his associate, Deil Gustafson, who was later convicted of wire fraud, bankruptcy fraud, and conspiracy in diverting funds from the Tropicana. See United States v. Gustafson, 728 F.2d 1078 (8th Cir.1984).
 
 
 5
 Smith sued Doumani, alleging that he had unlawfully converted for his own use the Tropicana proceeds that belonged, in part, to Smith as community property. In turn, BIC, the Briggs family, and their trusts sued Smith. In 1991, Smith filed Chapter 11 Bankruptcy and alleged bankruptcy fraud against Doumani. In November 1991, the parties entered into negotiations to settle various lawsuits and to resolve matters relating to the divorce of Mitzi and Smith. A draft settlement agreement (Settlement Agreement) was signed by Ed Doumani and Mr. Smith on December 19, 1991. However, a controversy arose as to the meaning of Section II, Paragraph 7 of the Settlement Agreement (Paragraph 7), which reads in relevant part:
 
 
 6
 SMITH retains the right to pursue recovery against the DOUMANI GROUP, Deil O. Gustafson, their successors and assignees, and any other person or entity on any and all interests arising from his marriage to MITZI, ..., as it relates to their community interest (directly or indirectly) in the Tropicana Hotel and its debt, stock and asset ownership.
 
 
 7
 The parties offer differing accounts of the events surrounding the drafting of the language. Appellees allege Smith promised to make a written clarification stating that Paragraph 7 did not grant him a community property interest and that they signed the document in reliance on this promise. Smith denies this, asserting that in February of 1992, Doumani proposed an Addendum be adopted and incorporated into the Settlement Agreement.
 
 
 8
 The Addendum proposed by Edward Doumani would have required Smith to agree that the Doumani and Briggs families never admitted that Smith had a community interest in the Tropicana. Smith refused to sign the Addendum. However, on April 2, 1992, he filed a motion with the bankruptcy court seeking enforcement of the Settlement Agreement, without the Addendum, in his bankruptcy case.
 
 
 9
 Following a hearing on May 5, 1992, in which Smith, through counsel, agreed to sign the Addendum, the bankruptcy court entered an Order Enforcing the Settlement Agreement with the Addendum on July 16, 1992. Smith disputed the language in that Order and appealed to the federal district court which remanded the case for an evidentiary hearing. On remand, the bankruptcy court conducted an evidentiary hearing on May 26 and July 14, 1994. The court then reinstated its order. Smith appeals.
 
 II. Standard of Review
 
 10
 Questions of fact determined by the trial court will not be overturned unless they are demonstrated to be clearly erroneous. In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir.1990). The appellate court will not substitute its judgment for that of the trial court's in reviewing the findings of fact, but will inquire only whether the appellant has rebutted a "presumption of correctness by demonstrating that contrary findings are warranted when the evidence is taken as a whole and considered in a light most favorable to the appellee." Smith v. James Irvine Foundation, 402 F.2d 772 (9th Cir.1968), cert. denied 394 U.S. 1000 (1969). Most importantly, where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).
 
 
 11
 The district court's reinstatement of its decision to enforce the Settlement Agreement with the Addendum was based on findings of fact. The burden is upon the Appellant to demonstrate which findings of fact are clearly erroneous and how such error prejudiced the lower court's decision.
 
 III. Analysis
 
 12
 A bankruptcy court, like a district court, has the power to summarily enforce an agreement to settle a case pending before it. In re City Equities Anaheim, Ltd., 22 F.3d 954, 958 (9th Cir.1996); Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987). Nonetheless, this court has stated before that enforcement of settlement agreements should be based only upon complete agreements and where material facts concerning either the existence of an agreement or the terms of an agreement are in dispute, the parties must be allowed an evidentiary hearing. Callie, 829 F.2d at 890; Russell v. Puget Sound Tug & Barge Co., 737 F.2d 1510, 1511 (9th Cir.1984) (citing Autera v. Robinson, 419 F.2d 1197, 1200 (D.C.Cir.1979)); Maynard v. City of San Jose, 37 F.3d 1396 (9th Cir.1994).
 
 
 13
 In reaching its conclusion that the agreement was enforceable, the Court relied upon: 1) the testimony of the parties at the evidentiary hearings held on May 26 and July 14, 1994, and 2) prior oral representations made by Smith and his counsel. The court also considered the background of the dispute, pointing out that the state divorce proceeding was the proper forum for determining whether or not a community property interest existed as claimed by Smith and that the court and the parties had implicitly understood this to be the case.
 
 
 14
 The court heard testimony during two days from a number of witnesses including Edward Doumani, his brother and business associate, Fred Doumani, Mitzi Briggs, Carleton Briggs, and even some of the attorneys involved in the case. Counsel for Smith, argued that the Briggs and Doumanis families had the advantage of being able to corroborate each others' testimony but that the various draft versions of the Settlement Agreement with handwritten annotations and various letters and memorandums created during the negotiations supported the testimony of Darrell Smith. The bankruptcy court rejected these arguments and adopted the following pertinent findings of fact:
 
 
 15
 6. The Court, having heard testimony from Smith, Edward Doumani and others concerning conversations, representations and negotiations surrounding the creation of the Settlement Agreement and the subsequent execution of the same, and considered the corraborating evidence, accepts Edward Doumani's testimony and account as to the following matters, and rejects Smith's testimony to the extent that it is inconsistent with the following matters:
 
 
 16
 (a) ... that the Settlement Agreement (including, without limitation, Paragraph 7 appearing on pages 7 and 8 thereof) did not embody or contain an agreement or acknowledgement by any party that Smith has a community property interest in Tropicana ... and/or proceeds ...
 
 
 17
 (b) Smith acknowledged and represented to Edward Doumani that the Settlement Agreement simply provided a means for division of any community property interest between Mitzi and Smith, if a community property interest were found to exist ...
 
 
 18
 (c) Smith further represented to Edward Doumani on or about December 19, 1991, that Smith would issue a letter containing written confirmation of the acknowledgements and representations referenced in Paragraph 7 of these Findings of Fact in the event that counsel for the Briggs and/or Doumanis determined such to be necessary.
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 29. Edward Doumani, and subsequently BIC and other members of the Briggs and Doumani families executed the Settlement Agreement and First Addendum in reliance upon Smith's representations and the objective outward manifestations enumerated above.
 
 
 22
 A review of the hearing provides no reason to disturb the court findings of fact nor occasion to reweigh the evidence or credibility of the witnesses. "When a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Anderson v. City of Bessemer, 470 U.S. at 574, 105 S.Ct. at 1512. Based on the evidence and testimony, the court found that the Addendum accurately reflected the true intention of the parties at the time the settlement agreement was executed. We find no error here. There were two reasonable conclusions which could be drawn from the evidence and the court below expressly chose one and rejected the other. The district court's order affirming the Bankruptcy Court's order is AFFIRMED.
 
 
 23
 Appellees' request for reasonable attorneys' fees on appeal to the Ninth Circuit Court of Appeals is GRANTED. Appellees' request for fees for the appeal to the district court is DENIED. The matter of fees is referred to the Appellate Commissioner, Peter Shaw, for findings and resolutions pursuant to 9th Cir.R. 39-1.9.
 
 
 
 *
 The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3