**L A S A PER L' INDUSTRIA DEL MARMO SOCIETA PER AZIONI OF LASA, ITALY, Plaintiff,**

v.

**SOUTHERN BUILDERS, INC., OF TENNESSEE et al., Defendants,**

v.

**A. L. AYDELOTT and A. L. Aydelott and Associates, Inc., Third Party Defendants.**

Civ. No. C–66–261.

United States District Court
W. D. Tennessee, W. D.

Dec. 15, 1967.

Robert Scott McIntosh, Horace O. Pierotti and Arthur Gemignani, Memphis, Tenn., for plaintiff.

Rickey, Shankman, Agee, Harpster & Smith, Memphis, Tenn., for defendants Continental Casualty Co. and Southern Builders.

Buchignani & Greener, and Milton Picard, Memphis, Tenn., for defendants, Anthony L. Alexander, Sr., Nick Quarin, and A. Larry Alexander, Jr., Ind. and d/b/a Alexander Marble and Tile Co., Alexander Marble and Tile Co., Inc. and Alexander Marble and Tile Company, joint venturer.

Laughlin, Watson, Garthright & Halle, Memphis, Tenn., for defendants Charles H. Johnston and Anderson, Fisher, Johnston & Vaughn, Inc.

Patrick Johnson, City Atty., Memphis, Tenn., for City of Memphis.

Bearman & Bearman and James M. Manire, Memphis, Tenn., for Third Party Defendants Aydelott.

## MEMORANDUM DECISION AND ORDER

BAILEY BROWN, Chief Judge.

Southern Builders, Inc. of Tennessee, City of Memphis and Continental Casualty Co. have moved to dismiss a cross-claim filed against them by Alexander Marble and Tile Co., a partnership. A. L. Aydelott and A. L. Aydelott and Associates, Inc. have filed a motion to dismiss a third party complaint filed against them by this same partnership. The contentions are that the cross-claim and third party complaint are not authorized by the Federal Rules of Civil Procedure. Briefs have been filed and arguments heard, after which these motions were taken under advisement.

It will be necessary, properly to present the questions to be decided, to outline the pertinent allegations of the pleadings.

The original complaint was filed by an Italian corporation, referred to herein, for brevity, as "LASA." This complaint, as twice amended and supplemented, alleges in substance as follows. Southern Builders, a Tennessee corporation, as principal contractor, entered into a contract in 1962 with the City to build a city hall and under the contract obligated itself to the City to pay for all labor and materials. Southern Builders procured and furnished to the City a statutory performance and payment bond, with Continental Casualty as surety, under which Southern Builders obligated itself to the City to perform the contract and to pay for all labor and materials. Alexander Marble and Tile Co., a partnership, whose partners are Tennessee residents, together with Marble International, Inc., a Texas corporation, as joint venturers, entered into a subcontract with Southern Builders under which they were to supply all marble and anchoring devices and install the marble. Alexander then contracted with LASA to supply to it all of the marble for a contract price of $468,641.26, that the

marble has been supplied as agreed, and that there is a balance due of $127,240.80. The Alexander partnership has since been incorporated and its liabilities assumed by Alexander Marble & Tile Co., Inc., a Tennessee corporation. The City improperly released retainages to the principal contractor, Southern Builders. LASA therefore sues Alexander (partnership and corporation), Marble International, Southern Builders, Continental Casualty and the City for the alleged balance due.[1]

To this original complaint Alexander (partnership and corporation) filed an answer and counterclaim. (Marble International has not made an appearance, apparently on the theory that effective service of process has not been had as to it. In the cross-claim and third party complaint, which are now before the Court on motions to dismiss, the Alexander partnership sues as such and as a "joint venturer.") In this answer and counterclaim they contend that the actual net contract price for the marble was only $265,050.00; that, after LASA had failed to ship marble as agreed and had threatened to cease shipments, the price was then under duress increased, first to $336,030.00 and then to $370,686.90; that a total of $406,967.74 has actually been paid to LASA; that much of the marble that was shipped arrived late, was broken, or was of the wrong type; and that LASA had failed to ship all the marble it was obligated to ship. Alexander by this counterclaim sues LASA for overpayment of the contract price and for unliquidated damages for failure to ship marble as agreed.

To this original complaint, Continental Casualty and Southern Builders have filed answers and Southern Builders has filed a counterclaim. They aver that

Southern Builders is obligated to pay only "just and valid" claims for labor and materials and that LASA has no such claim; aver that nothing is owed LASA for marble delivered and installed on this job; deny that the City improperly released any retainages; and aver that LASA failed to ship marble as agreed. Southern Builders by its counterclaim sues LASA for all damages to it because of LASA's failure to ship marble as agreed to Alexander.

Alexander (partnership) has filed a cross-claim against Southern Builders, Continental Casualty and the City. This is the cross-claim that is the subject of one of the motions to dismiss we are here considering.

In this cross-claim, Alexander sues all cross-defendants for a balance alleged to be due under its subcontract with Southern Builders.

In the same cross-claim, it is further averred that Southern Builders, under the insistence of the architect, A. L. Aydelott, hindered Alexander in the performance of the subcontract by failing to properly prepare the concrete base and install metal support angles; by insisting that Alexander work in inclement weather; by insisting that Alexander install the marble in accordance with Aydelott's improper specifications; and by refusing to pay over funds due Alexander for work done. It is further averred that Southern Builders, under the insistence of Aydelott, wrongfully terminated the subcontract, forced Alexander off the job, and brought in another subcontractor which was allowed to finish the job not in accordance with the original specifications (as Alexander had sought) and at an inflated price. It is further averred that Southern Builders and Aydelott injured the business

---

1. LASA also sued Charles H. Johnston, who executed the bond as attorney in fact for Continental Casualty, and his insurance agency, on the theory that if he had no authority to execute the bond, he and his agency would be liable thereon.

However, upon the filing by Continental Casualty of an answer admitting Johnston's authority, the Court, without opposition from LASA, granted the motion of Johnston and his agency for summary judgment.

reputation of Alexander by publicly blaming Alexander for many ills not its fault and which were the fault of Southern Builders and Aydelott. Alexander, in this cross-claim, accordingly also sues only Southern Builders for unliquidated damages, actual and punitive.

Southern Builders and Continental Casualty have filed answers to Alexander's cross-claim against them, and Southern Builders has filed a "counter-claim" (which is probably actually a cross-claim, See 3 Moore, Federal Practice § 13.02) against Alexander. They deny that Southern Builders owes Alexander any balance on the subcontract; deny that it so obstructed Alexander in the performance of the subcontract as alleged; admit that it terminated the subcontract but deny that it acted improperly in doing so; deny that the subcontract was completed at an inflated price and pursuant to different specifications; and deny that it wrongfully injured Alexander's business reputation as alleged and allege that this claim is barred by limitations. Southern Builders cross-claims against Alexander for any amount it is held to be liable to LASA in the original action. Southern Builders further cross-claims against Alexander for unliquidated damages for not maintaining progress schedules, for faulty materials and workmanship, for overdrawing money pursuant to false project information, and failing generally to follow the specifications, the subcontract, and the general contract.

Alexander has also filed a third party complaint, which has been once amended, against A. L. Aydelott and Associates, Inc. and against Aydelott, individually, who is its principal officer (hereinafter collectively referred to as "Aydelott") alleging that they had the architectural contract with the City. They are, respectively, a Tennessee corporation and a citizen of Tennessee. This is the third party complaint that is the subject of the other motion to dismiss we are here considering. It is alleged that Aydelott

negligently provided improper specifications and insisted they be followed; negligently failed to require Southern Builders to properly perform its work; wrongfully required Alexander to install marble in inclement weather; wilfully refused to approve Alexander's estimates for work done; wrongfully directed Southern Builders to terminate the subcontract, allowed the new subcontractor to follow different specifications, and approved payment to the new subcontractor at an inflated price; wrongfully misinterpreted the specifications and the subcontract; and wrongfully and maliciously injured Alexander's business reputation. Alexander sues in this amended third party complaint for unliquidated actual and punitive damages under the general law and, under a Tennessee statute, for treble damages for inducing Southern Builders to breach the subcontract.

As stated, we are here considering the motion to dismiss the Alexander cross-claim filed by Southern Builders, the City, and Continental Casualty. As also stated, we are likewise here considering the motion to dismiss the Alexander third party complaint filed by Aydelott.

It should be noted in passing that there is only partial diversity as to this cross-claim, Continental Casualty being a foreign corporation with principal place of business elsewhere, and that there is no diversity as to the third party complaint. However, all agree that, since there is complete diversity in the original action, the Court has jurisdiction as to the cross-claim and third party complaint if they are authorized by the Federal Rules of Civil Procedure. 3 Moore Federal Practice § 13.36.

In support of its right to file this cross-claim, Alexander relies on Rule 13 (g), which provides:

*"Cross-Claim Against Co-Party.* A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter

either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

In support of its right to file the third party complaint, Alexander relies on Rule 13(h), which provides:

"*Joinder of Additional Parties.* Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."

In his brief and argument, Aydelott contends that the right to file a third party complaint is controlled by Rule 14, which deals with "Third Party Practice." Aydelott further argues that, since he could not be liable and it is not contended that he is liable to Alexander for all or any part of LASA's claim against Alexander, as is required by Rule 14, this third party complaint cannot be maintained against him. While Aydelott is technically correct, it is also true, as Alexander contends, that by the simple expedient of amending the third party complaint to style it as a cross-claim against an additional cross-defendant, Alexander could then rely on Rule 13(h). It was therefore agreed at argument that the Court should test the propriety of the filing of this third party complaint by treating it as a cross-claim against an additional party under Rule 13(h).

It should be noted that Rule 13(h) provides that the right to make an additional party a cross-defendant is governed by Rules 19 and 20. Alexander does not contend that Rule 19 would allow Alexander to make Aydelott an additional cross-defendant. Alexander does contend, however, that this is authorized by that part of Rule 20, which provides:

" * * * All persons may be joined in one action as defendants if there

is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

It is Alexander's contention, in other words, that since Southern Builders et al. have been properly made cross-defendants and since its claims for relief against Aydelott arise out of the same transaction or occurrence or series of transactions or occurrences as its claims against Southern Builders et al., Rule 13(h) allows the joining of Aydelott as an additional cross-defendant. Alexander is correct in this contention, if, as it assumes, its claims against Southern Builders et al. are authorized by Rule 13(g). Thus it follows that the question whether the motion to dismiss the third party complaint against Aydelott (treated as a cross-claim) should be granted turns on whether the cross-claim against Southern Builders et al. is authorized by Rule 13(g).

Alexander contends that its cross-claims for relief against Southern Builders et al. are authorized by Rule 13(g) because they arise out of " * * the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein * *." In this connection, Alexander relies not only on the original action filed by LASA and the counterclaims filed against LASA by it and Southern Builders, but it also relies on the "counterclaim" filed against it by Southern Builders. We do not believe that this last "counterclaim" can be relied upon by Alexander because, as heretofore stated, it probably is a cross-claim (3 Moore, Federal Practice § 13.02, 1A Barron & Holtzoff, Federal Practice & Procedure (Wright) § 397), and in any event Rule 13(g) refers to counterclaims in the original action.

This brings us to the ultimate question, which is: does Alexander's

cross-claim, or any part of it, arise out of the transaction or occurrence that is the subject matter of the original action of LASA or the two counterclaims against LASA?

The original action is to collect an alleged balance due on the contract price of marble sold and delivered by LASA to Alexander. Alexander's counterclaim against LASA is to collect an alleged overpayment for marble sold and delivered and for unliquidated damages for the alleged failure of LASA to supply marble as agreed. The counterclaim of Southern Builders against LASA is for unliquidated damages for alleged failure of LASA to supply marble to Alexander as agreed. On the other hand, Alexander's cross-claim against all cross-defendants is to collect an alleged balance due on its subcontract with Southern Builders, and its cross-claim against Southern Builders alone is for unliquidated damages, compensatory and punitive, for alleged hindrance of Alexander in the performance of its subcontract, for failure to make payments to it when due, for wrongful termination of the subcontract, and for injury to its business reputation.

Since the same language is used in Rule 13(g) in allowing cross-claims as is used in Rule 13(a) in providing for compulsory counterclaims, the authorities indicate that these two subsections of Rule 13, in this respect, raise the same question. 3 Moore Federal Practice § 13.34, Note 5, and § 13.13.

In 3 Moore Federal Practice § 13.13, it is stated that the test as to whether a claim arises out of a transaction or occurrence that is the subject matter of another claim cannot be reduced to a precise formula and should not be. Rather, the writer says, the test should be flexible, empirical and realistic. In 1A Barron and Holtzoff, Federal Practice & Procedure (Wright) § 394, it is pointed out that four tests may be applied. These are: (1) are the issues of fact and law largely the same; (2)

would res judicata bar a subsequent suit on the claim; (3) would substantially the same evidence support or refute the two claims; and (4) is there any logical relation between the two claims. This treatise indicates that the last of the four tests should be much the most important test.

Alexander argues that the same general contract, bond, and subcontract, and some of the same evidence which would be involved in the original action and the counterclaims therein would also be involved in that part of its cross-claim against Southern Builders et al. for the balance alleged to be due under the subcontract. It then goes on to relate the remainder of its cross-claim, against Southern Builders alone, including even that for injury to its business reputation, to its cross-claim for the balance due, thus by this claim relating all of its cross-claims to these other claims.

It seems absolutely clear to us that none of that part of Alexander's cross-claim which includes a claim for damages for hindrance in performance of the subcontract and for cancellation of the subcontract and for damage to its business reputation has any logical relation to the original action or the counterclaims therein. Furthermore, none or hardly any of the issues of fact or law relating to the original action or the counterclaims therein would be the same as those relating to this part of Alexander's cross-claim, nor would a judgment on the original action or the counterclaims therein bar a subsequent suit on this part of the cross-claim, nor would any or hardly any of the same evidence support or refute this part of the cross-claim and the other claims. The only claim asserted by Alexander in its cross-claim that even arguably, applying these tests, arises out of the same transaction or occurrence that is the subject matter of LASA's claim and the counterclaims against LASA is that part of Alexander's cross-claim for the alleged balance due under the subcontract. Even here the

first three tests cited heretofore are clearly not met, and it would be stretching the "logical relation" test to its utmost limits to say that Alexander's claim for a balance due under its subcontract with Southern Builders is logically related to LASA's claim as a supplier of marble for a balance due under its contract with Alexander or to the counterclaims against LASA for failure to supply marble to Alexander as agreed. We do not believe, in spite of the admonition of some courts that Rule 13(g) is to be liberally interpreted, that the rule was ever intended to go so far. We therefore conclude that the cross-claim filed by Alexander must be dismissed in its entirety.

Inasmuch as we have previously stated that the merit of the motion to dismiss the third party complaint (treated as a cross-claim) against Aydelott depends on whether or not the cross-claim against Southern Builders et al. is authorized by Rule 13(g), and since we herein do hold that the cross-claim filed by Alexander against Southern Builders et al. is not authorized by Rule 13(g), it follows that the third party complaint filed by Alexander against Aydelott should likewise be dismissed.

It further appears that the cross-claim filed by Southern Builders against Alexander for unliquidated damages for breach of the subcontract likewise does not arise out of the same transaction or occurrence that is the subject matter of the original action or the counterclaims therein. On the other hand, insofar as Southern Builders cross-claims against Alexander on the theory that Alexander would be liable to Southern Builders for any amount Southern Builders is held liable to LASA in the original action, the cross-claim is clearly authorized by Rule 13(g). While Alexander has not filed a motion to dismiss the cross-claim of Southern Builders against it, the very position taken and argument made by Southern Builders on the motion to dismiss Alexander's cross-claim

is inconsistent with its right to maintain a cross-claim against Alexander for unliquidated damages for breach of the subcontract, and therefore on the Court's own motion we will dismiss this part of the cross-claim of Southern Builders.

It is therefore ordered that the motions to dismiss the cross-claim of Alexander against Southern Builders et al. and the third party complaint of Alexander against Aydelott are granted, and this cross-claim and third party complaint be and they are hereby dismissed.

It is further ordered, on the Court's own motion, that the cross-claim of Southern Builders against Alexander for unliquidated damages for breach of the subcontract be and it is hereby dismissed.