LASA PER L'INDUSTRIA DEL MARMO SOCIETA PER AZIONI OF LASA, ITALY, Plaintiff-Appellee,

v.

Anthony L. ALEXANDER, Sr., Nick Quarin and A. Larry Alexander, Jr., individually and d/b/a Alexander Marble and Tile Company, a partnership, Alexander Marble and Tile Company, Inc., and Alexander Marble and Tile Company, a joint venturer, Defendants-Appellants,

v.

SOUTHERN BUILDERS, INC. OF TENNESSEE, the City of Memphis, Continental Casualty Company, A. L. Aydelott, individually and A. L. Aydelott and Associates, Inc., Defendants-Appellees.

LASA PER L'INDUSTRIA DEL MARMO SOCIETA PER AZIONI OF LASA, ITALY, Plaintiff-Appellee,

v.

SOUTHERN BUILDERS, INC. OF TENNESSEE, Defendant-Appellant,

v.

Anthony L. ALEXANDER, Sr., Nick Quarin and A. Larry Alexander, Jr., individually and d/b/a Alexander Marble and Tile Company, a partnership, Alexander Marble and Tile Company, Inc., and Alexander Marble and Tile Company, a joint venturer, Defendants-Appellees.

Nos. 18454, 18455.

United States Court of Appeals
Sixth Circuit.

June 30, 1969.

Attys. for plaintiff-appellee.

Eugene Greener, Jr., Memphis, Tenn., Buchignani & Greener, Milton C. Picard, Memphis, Tenn., on brief, for Alexander et al.

D. Jack Smith, Jr., Memphis, Tenn., Rickey, Shankman, Agee, Harpster & Smith, Memphis, Tenn., on brief, for Southern Builders, Inc., et al.

Leo Bearman, Sr., and Leo Bearman, Jr., Memphis, Tenn., for A. L. Aydelott and A. L. Aydelott & Associates, Inc.

Before PHILLIPS and CELEBREZZE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Circuit Judge.

It has been said that the doctrine of ancillary jurisdiction providing for joinder of claims in the federal courts is "the child of necessity and the sire of confusion." [1] The confusion in pleadings that can arise out of cross-claims, counterclaims and a third-party complaint, all involving the same construction project, is demonstrated by the present appeal.

---

1. Fraser, Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts, 33 F.R.D. 27, 45, citing 11 Okla.L.Rev. 326, 329.

The complicated procedural problems with which we are confronted arose out of the building of a new City Hall at Memphis, Tennessee.

The complaint was filed by an Italian corporation which had a contract with a subcontractor to furnish marble for the City Hall. Recovery is sought against the subcontractor, the prime contractor, its surety, and the City of Memphis for a balance alleged to be due for marble and labor.

Filed in the action were a series of counterclaims, cross-claims and a third-party complaint which are described in detail in the opinion of the District Court, published at 45 F.R.D. 435 (W.D. Tenn.). Reference is made to that opinion for a detailed summary of the various pleadings.

Among the pleadings were a cross-claim filed by the defendant subcontractor, Alexander, against the prime contractor, its surety and the City of Memphis; a counterclaim filed by the prime contractor against Alexander; and a third-party complaint filed by Alexander against the architect. The third-party complaint was treated by the District Court as a cross-claim against the architect as was the counterclaim of the prime contractor against Alexander.

Construing Rules 13(g) and 13(h), Fed.R.Civ.P.,[2] the District Court dismissed the two cross-claims and the third-party complaint, holding that they do not arise out of the same transaction or occurrence that is the subject matter of the original action or of a counterclaim therein.

We reverse.

In the cross-claim of Alexander which was dismissed by the District Court, Alexander sues all cross-defendants for a balance of $158,061.75 alleged to be due under Alexander's subcontract with the prime contractor. In the second count of the same pleading Alexander sues the prime contractor for $250,000 in actual and punitive damages, averring that the prime contractor failed to prepare properly the concrete base upon which marble pieces were to be affixed and to install correct metal support angles in the concrete base; that the prime contractor required Alexander to work on marble installation in the most inclement cold and rainy weather, contrary to specifications; that the prime contractor terminated Alexander's subcontract without justification and brought in a new subcontractor at a highly inflated price, the cost of which was charged wrongfully to Alexander; and that the prime contractor damaged Alexander's business reputation and publicly blamed Alexander for many ills which were the fault of the prime contractor or the architect.

In its third-party complaint against the architect, treated by the District Court as a cross-claim under Rule 13(h) (n. 2 *supra*), Alexander sued the architect for actual and punitive damages, alleging that the architect negligently provided improper specifications and insisted that they be followed; negligently failed to require the prime contractor to perform its work properly; wrongfully directed Alexander to install marble in inclement weather; willfully refused to approve Alexander's estimates for work done; influenced the prime contractor to terminate Alexander's subcontract and to bring in a new subcontractor at an inflated price and with preferred treatment through modified specifications; and wrongfully and maliciously injured Alexander's business reputation.

2. *(g) Cross-Claim Against Co-Party.* A pleading 'may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

*(h) Joinder of Additional Parties.* Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

The prime contractor's cross-claim against Alexander, which also was dismissed by the District Court, seeks to hold Alexander liable for unliquidated damages for delays, faulty materials and workmanship and the failure of Alexander generally to conform to specifications. The count of the cross-claim of the prime contractor for indemnity against Alexander in the event of judgment for the plaintiff against the prime contractor was not dismissed.

After the dismissal of these claims there remain in the case now pending in the District Court the amended complaint, the answer and counterclaim of Alexander, the answer and counterclaim of the prime contractor, and the answer of the surety and the cross-claim by the prime contractor against Alexander for indemnity. Trial on these pleadings has been delayed pending disposition of the present appeal.

▓▓▓ Under the Federal Rules of Civil Procedure the rights of all parties generally should be adjudicated in one action. Rules 13 and 14 are remedial and are construed liberally. Both Rules 13 and 14 are "intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically." Blair v. Cleveland Twist Drill Co., 197 F.2d 842, 845 (7th Cir.). The aim of these rules "is facilitation not frustration of decisions on the merits." Frommeyer v. L. & R. Construction Co., 139 F.Supp. 579, 585 (D.N.J.).

A decision involving jurisdiction over cross-claims in litigation growing out of a construction project similar in some respects to the issues presented on this appeal is Glens Falls Indemnity Co. v. United States, 229 F.2d 370 (9th Cir.). In that case the Court said:

"It is well settled that a grant of jurisdiction over particular subject matter includes the power to adjudicate all matters ancillary to the particular subject matter. * * *

Therefore, if either a cross-claim under Rule 13 or a third-party claim under Rule 14 does arise out of the subject matter of the original action and involves the same persons and issues, the claim is ancillary to the original action. In such cases, if the court has jurisdiction to entertain the original action, no independent basis of jurisdiction for the cross-claim or third-party claim need be alleged or proved." 229 F.2d at 373–374.

To like effect see United States for Use and Benefit of Claussen-Olson-Benner, Inc. v. Doolittle Construction Co., 195 F. Supp. 537 (D.Neb.).

The District Court held that no part of Alexander's cross-claim against the prime contractor, his third-party complaint against the architect or of the prime contractor's cross-claim against Alexander for breach of contract arose out of the transaction or occurrence that is the subject matter of the original action or the two counterclaims. With deference to the well-written opinion of the District Judge, we disagree.

In 1A Barron & Holtzoff, Federal Practice & Procedure (Wright ed.) § 424, at 653, the rule is stated as follows:

"It is the theory of the rule that the defendant's right against the third party is merely the outgrowth of the same aggregate or core of facts which is determinative of the plaintiff's claim. In this view, the court which has jurisdiction over the aggregate of facts which constitutes the plaintiff's claim needs no additional ground of jurisdiction to determine the third-party claim which comprises the same core of facts. It is in this sense that the court is said to have ancillary jurisdiction over the third-party claim."

In Moore v. N. Y. Cotton Exchange, 270 U.S. 593, 609–610, 46 S.Ct. 367, 371, 70 L.Ed. 750, the Supreme Court construed the words "arising out of the transaction which is the subject matter of the suit" in Equity Rule 30, precursor

of Rule 13, Fed.R.Civ.P. The Court said:

" 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." 270 U.S. at 610, 46 S.Ct. at 371.

■ The words "transaction or occurrence" are given a broad and liberal interpretation in order to avoid a multiplicity of suits. *Princess Fair Blouse, Inc. v. Viking Sprinkler Co.,* 186 F.Supp. 1, 4 (M.D.N.C.). See 3 Moore's Federal Practice §§ 13.13, 13.34.

■ Our reading of the pleadings in this case convinces us that there is a "logical relationship" between the cross-claims (including the third party complaint against the architect) and the "transaction or occurrence" that is the subject matter of the complaint and the two pending counterclaims. Although different subcontracts are involved, along with the prime contract and specifications, all relate to the same project and to problems arising out of the marble used in the erection of the Memphis City Hall. The recurring question presented by the various pleadings is directed to the principal issue of who is responsible for the marble problems which arose on this job. Blame is sought to be placed upon plaintiff as furnisher of the marble, upon Alexander as subcontractor, upon the prime contractor and upon the architect. Many of the same or closely related factual and legal issues necessarily will be presented under the complaint, counterclaims and cross-claims in the resolution of these issues. It seems apparent that some of the same evidence will be required in the hearing on the cross-claims and in the hearing or hearings with respect to the complaint and the two pending counterclaims.

We understand it to be the purpose of Rule 13 and the related rules that all such matters may be tried and determined in one action and to make it possible for the parties to avoid multiplicity of litigation. The intent of the rules is that all issues be resolved in one action, with all parties before one court, complex though the action may be.

In support of the decision of the District Court it is argued that, since a jury trial has been demanded, the complications and confusions of the cross-claims are such that it would be impossible to try the numerous issues before the jury in an orderly manner. The short answer to this contention is that the District Judge is authorized by Rule 42(b)[3] to order separate trials on any cross-claim, counterclaim, other claim or issues. If on the trial of this case the District Court concludes that separate trials on one or more of the counterclaims, cross-claims or issues would be conducive to expedition and economy, Rule 42(b) provides a practical solution to this problem.

Reversed and remanded for further proceedings not inconsistent with this opinion.

McALLISTER, Senior Circuit Judge (dissenting).

These cases, which hereafter will be generally referred to as a single case, involve a subcontractor's suit for a balance due on a contract against defendant subcontractor, as well as against the principal contractor, a surety for performance and payment of bills for labor and materials, and the City which had entered into the contract with the principal contractor. Counterclaims were filed against the plaintiff by the defendant subcontractor, as well as by the

---

3. *42(b) Separate Trials.* The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

principal contractor, the surety, and the City. After filing its counterclaim against the plaintiff, the defendant subcontractor filed a cross-claim against the principal contractor, the surety, and the City. Defendant subcontractor also filed a third-party claim against the architect supervising the work done under the contract between the principal contractor and the City. The only issue in the case depends upon whether the defendant subcontractor was entitled to file a cross-claim against the principal contractor, the surety, and the City, and the third party claim against the architect, by virtue of Rule 13(g), (h), and Rule 20 of the Federal Rules of Civil Procedure.

The District Court held that the subcontractor was not entitled to file such cross-claim and third-party claim under the above-mentioned Rules, and, on motion, dismissed them. The court's order of dismissal of the defendant contractor's cross-claim against the principal contractor, and the third-party claim against the architect gives rise to this controversy.

From the foregoing recital, it is evident that this case involves solely a question of pleading. The facts in more comprehensive detail are as follows: The City of Memphis built a City Hall. Southern Builders, Inc. was the principal or prime contractor with the City for this project; and it furnished to the City a statutory bond for performance and payment of labor and materials. The surety in this bond was the Continental Casualty Company.

Southern Builders, Inc., the above-named contractor for the building of the City Hall, then entered into a contract with Alexander Marble and Tile Company, under which Alexander was to supply all marble and anchoring devices, and install the marble used in the building.

Alexander, the subcontractor, then entered into a contract with plaintiff-appellee, LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy, in which LASA agreed to supply to Alexander all of the marble specified at a certain contract price.

LASA, alleging that the marble had been supplied as agreed, and that there was an unpaid balance of $127,240.80, filed a complaint against Alexander, with whom it had contracted to deliver the marble, Southern Builders, the principal contractor, Continental Casualty Company, the surety for the performance and payment of all labor and materials, and the City of Memphis.

To the original complaint of LASA, Alexander filed an answer and counterclaim in which it contended that LASA had failed to ship the marble as agreed; that it had threatened to cease shipments; and that, under duress, the price had been greatly increased; that much of the marble arrived late, was broken, or of the wrong type, and that LASA had failed to ship all of the marble it was obligated to furnish. Alexander, by this counterclaim, sued LASA for overpayment of the contract price and for damages in the amount of $350,000 for failure to ship the marble as agreed.

Furthermore, to the original complaint of LASA, the principal contractor, Southern Builders, and the surety for performance, Continental Casualty, filed answers and a counterclaim. They averred that Southern Builders was obligated to pay just and valid claims for labor and materials only, and that LASA had no such claims; that nothing was owed LASA for marble delivered and installed on the job. They denied that LASA had shipped the marble as agreed, and, by its counterclaim, Southern Builders sued LASA for its failure to ship the marble as agreed with the subcontractor, Alexander. Up to this point no question is raised with regard to the right of LASA to commence suit; with regard to the right of Alexander to file an answer and counterclaim against LASA; or with regard to the right of Southern Builders and Continental Casualty to file answers; and for Southern Builders to file its counterclaim against LASA for damages for failure to deliver the marble as it had agreed with Alexander.

Now comes the pleading that gives rise to the controversy in this suit. After

Alexander had filed its answer and counterclaim against LASA, and Southern Builders and Continental Casualty had filed answers, and Southern Builders had filed its counterclaim against LASA, Alexander filed a cross-claim against Southern Builders, Continental Casualty, and the City of Memphis. Further, Alexander filed a cross-claim against A. L. Aydelott and Associates, and against Aydelott individually. Aydelott was the architect for the City Hall. Upon the filing of Alexander's cross-claim against Southern Builders, Continental Casualty, and the City of Memphis, and its cross-claim against Aydelott, Southern Builders and Aydelott filed motions to dismiss such cross-claims; and the District Court, as heretofore stated, after due consideration, dismissed them; and, from the order of dismissal, Alexander appeals.

In one count of its cross-claim against Southern Builders, Continental Casualty, and the City of Memphis, Alexander, claiming damages in the amount of $158,061.75, alleged that Southern Builders, upon the insistence of the architect, A. L. Aydelott, wrongfully hindered Alexander in the performance of the subcontract by failing properly to prepare the concrete base for the marble; by failing to install metal support angles; by insisting that Alexander work in inclement weather; by further insisting that Alexander install the marble in accordance with Aydelott's improper specifications; and by wrongfully refusing to pay over funds due to Alexander for work performed. Alexander further alleged, in a second count in his cross-claim, that Southern Builders, under the insistence of Aydelott, and, necessarily cooperating with him, wrongfully terminated the subcontract, wrongfully forced Alexander off the job altogether; brought in another subcontractor who was allowed to finish the job not in accordance with the specifications and at an inflated price, all of which was wrongfully charged to the account of Alexander. In the same count in its cross-claim against Southern Builders, Alexander alleged that Southern Builders and Aydelott wrongfully injured the business reputation of Alexander by publicly blaming Alexander for many ills not its fault, and which were the fault of Southern Builders and Aydelott. In this count, Alexander asked for an additional amount of $250,000 for punitive damages, or a total, claimed in its cross-claim, of $408,061.75 with interest and costs.

Alexander further proceeded to file a third-party complaint—a cross-claim, as above mentioned, against the architect, A. L. Aydelott, claiming that Aydelott wrongfully and illegally induced Southern Builders to breach its contract with Alexander and, for such allegedly wrongful conduct, claimed from Aydelott treble damages in the amount of $750,000.

The issue in this case is whether the District Court was in error in dismissing Alexander's cross-claim against Southern Builders, and in dismissing its cross-claim against Aydelott.

The controlling law consists of the governing provisions of the Federal Rules of Civil Procedure as to joinder of parties, and the rules here applicable are: Rule 13(g) and (h).

Rule 13(g) provides as follows:

"Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

Rule 13(h) provides as follows:

"Joinder of Additional Parties. Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."

Rule 20, as here applicable, provides: " * * * All persons * * * may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

It may be here mentioned that Rule 13(h) was rewritten in 1966 and, to the original rule, the following was added: "in accordance with the provisions of Rules 19 and 20."

As stated in Moore's Federal Practice, Vol. 3, 1968 Supp., p. 55:

"Hereafter, for the purpose of determining who must or may be joined as additional parties to a counterclaim or cross-claim, the party pleading the claim is to be regarded as plaintiff, and the additional parties as plaintiffs or defendants as the case may be, and amended Rules 19 and 20 are to be applied in the usual fashion."

With regard to Rule 20, it is to be emphasized that all persons may be joined in one action as defendants if there is asserted against them any right to relief arising out of the same transaction, "*and if any question of law or fact common to all defendants will arise in the action.*" It is not enough then, in order to have the right to file cross-claims, that they arise out of the same transaction or occurrence, but there also must be a question of law or fact common to all defendants. In Gilmore v. James, 274 F.Supp. 75, 89, affirmed 389 U.S. 572, 88 S.Ct. 695, 19 L.Ed.2d 783 (1968), the court indicated that both requirements must be met—the common question and the requirements that the case arise out of the same transaction, occurrence, or series of transactions or occurrences. As the court stated in *Gilmore*:

"Rule 20, Fed.Rules Civil Procedure, permits joinder of plaintiffs or defendants whenever there is a common question of law or fact and the claims involved arise out of a single transaction, occurrence, or series of transactions or occurrences.

"Since joinder of parties is dependent on the concepts of 'common question of law or fact' *and* 'same transaction', these tests must both be met in order for us to hold, as we do, that there is proper joinder of defendants in the case at bar."

The questions of fact or law involved in the original suit filed by LASA, and the counterclaim for overpayment filed by Alexander, are totally different from Alexander's claim against Southern Builders, claiming damages on the ground that Southern Builders wrongfully prevented and obstructed Alexander from performing its duties; wrongfully forced Alexander off the job; wrongfully brought in an outside subcontractor to complete the job at a highly inflated price, all of which was wrongfully and illegally charged to the account of Alexander—as well as Alexander's allegation in its same cross-claim against Southern Builders charging that Southern Builders and Aydelott entered upon a course of action wrongfully injuring the business reputation of Alexander for which it claimed $250,000 in punitive damages.

Alexander's cross-claim against Aydelott for treble damages in the amount of $750,000 for wrongfully and maliciously damaging Alexander's business reputation by abuse, harassment and public blame, and wrongfully and illegally inducing and procuring by inducement, persuasion or insistence, the breach and violation of Alexander's contract with Southern Builders, was an action in tort.

The suit brought by LASA was an action in contract to recover a balance due. The cross-claim of Alexander against Southern Builders constituted an action in tort.

Neither of these two cross-claims in tort, filed by Alexander, arises out of the transaction or occurrence that is the subject matter of the original action, or

counterclaim thereto, as will hereafter more fully appear.

Alexander's cross-claim against Southern Builders does not arise out of the transaction or occurrence that is the subject matter of the original action— it does not arise out of the transaction or occurrence upon which LASA's suit is based, as is required by Rule 13(g); nor does it arise out of "a counterclaim therein"—that is, out of a counterclaim to LASA's suit. As the District Court properly held: "Rule 13(g) refers to counterclaims in the original action."

In like manner, Alexander's cross-claim against Aydelott does not arise out of the transaction or occurrence that is the subject matter of the original action —it does not arise out of the transaction or occurrence upon which LASA's suit is based. Nor does it arise out of "a counter-claim *therein*"—that is, out of a counterclaim in LASA's suit.

Where a surety company filed suit against a defendant on completion bonds, and defendant filed a counterclaim for damage to his reputation and credit allegedly resulting from malicious threats of public disgrace, financial ruin, and bankruptcy, and other similar allegations, the District Court held that the counterclaim *was not based on the transaction or occurrence on which the principal suit was based,* but upon subsequent events, and under Rule 13(a) and (b) dismissed the counterclaim, saying:

"It is the opinion of the court that the counterclaim does not arise out of the transactions or occurrences upon which plaintiff's suit is based, but is bottomed entirely upon subsequent events and actions." Fidelity and Casualty Co. of N. Y. v. Coffelt, 11 F.R.D. 443 (S.D. Iowa).

With regard to ancillary jurisdiction and joinder of claims, especially with respect to cross-claims, under Rule 13(g), the following test is applicable:

"A cross-claim which arises out of the transaction or occurrence that is the subject matter of the original action is within the ancillary jurisdiction of courts because it involves facts that are already subject to the jurisdiction of the court. * * *

"If the same issues of fact would determine both claims, they arise out of the same transaction or occurrence, but if the proof of one claim would have no connection with the proof of the other, the claims do not arise out of the same transaction or occurrence." Ancillary Jurisdiction and Joinder of Claims, George B. Fraser, 33 F.R.D. 27, 37.

The foregoing test is accepted by Alexander which, in its brief filed in this court, submits:

"The question presented as to the court's jurisdiction of the cross-claims is 'Do they arise out of the same transaction or occurrence which is the subject matter of the original claim, or of the counterclaims heretofore filed in this court.' * * * Cross-claimants [Alexander] contend that their cross-claims clearly bear not only the requisite 'logical relationship' with the original claim and counterclaims, but that they are intimately related, including absolute identity of the many factual and legal issues which must necessarily be presented at a hearing of these matters."

On the contrary, we are of the opinion that the cross-claims are not related to the original claim and the counterclaims, and that there is no identity of the many factual issues involved in the original claim and counterclaims, and in the cross-claims.

The proofs in LASA's suit and in Alexander's and Southern Builders' counterclaims against LASA would be entirely different from the proofs in Alexander's cross-claim against Southern Builders and its cross-claim against Aydelott.

The proofs in LASA's suit would consist of evidence showing a balance due on the contract to deliver marble. The proofs in Alexander's counterclaims and Southern Builders' counterclaims against LASA would consist of evidence showing

a breach of LASA's contract to deliver the marble.

But the proof in Alexander's cross-claim against Southern Builders and Alexander's cross-claim against Aydelott would consist of entirely different evidence than that introduced in the original suit for recovery on the contract to deliver marble, and on the counterclaims for breach of that contract.

The proofs in Alexander's cross-claim against Southern Builders and Aydelott would consist of evidence of repeated, malicious, wrongful conduct in terminating Alexander's contract, and in forcing Alexander off the job and maliciously ruining its business reputation by abuse, harassment, and public blame.

The proofs in Alexander's cross-claim against Aydelott would consist only of evidence that Aydelott wrongfully and maliciously ruined Alexander's business reputation.

What is the controlling issue in the trial of LASA against Alexander and Southern Builders? Only whether Alexander or LASA breached the contract between them.

What is the question to be decided with regard to Alexander's cross-claims against Southern Builders and Aydelott? Only whether or not such cross-claims arise out of the same transaction or occurrence that is the subject matter of the original action or of the counterclaims filed therein.

The same issues of fact would not determine both the original action and Alexander's cross-claims. The cross-claims, therefore, do not arise out of the transaction or occurrence which is the subject matter of the original claim, or out of the counterclaims therein.

Considering appellant Alexander's claim that not only its cross-claim and its third-party claim include absolute identity of the many factual issues in the original claim of LASA and the counterclaims filed therein—a contention which we have hereinbefore found erroneous—we proceed to Alexander's argument that the cross-claim and the third-party claim against Southern Builders and Aydelott include absolute identity of the many legal issues in the original claim by LASA and the counterclaims filed therein.

The legal issue in the original claim filed by LASA is: Whether the contract is valid, and whether, under the contract, there is a balance due. The counterclaims of Alexander and Southern Builders are based on breach of contract by LASA. The only issue with regard to LASA's obligations under its agreement with Alexander and with regard to its breach of the agreement set forth in the counterclaims is determinable by the law of contract.

The only legal issue in Alexander's cross-claim against Southern Builders and its third-party claim against the architect, Aydelott, is whether Southern Builders and Aydelott are guilty of malicious, wrongful conduct which resulted in damages to Alexander. This issue is determinable by the law of torts.

There is, therefore, no identity of legal issues in the original claims of LASA and Alexander's and Southern Builders' counterclaims—all founded on contract and breach of contract—and Alexander's cross-claim against Southern Builders and its third-party claim against Aydelott—all founded in tort.

It seems clear then that, in this case, the proof of claim in tort would have no connection with the proof of claim in contract and that, consequently, the two different claims do not arise out of the same transaction or occurrence. See Ancillary Jurisdiction and Joinder of Claims. George B. Fraser, 33 F.R.D. 27, 37, ante pp. 148, 149.

The only claims in this case that arise out of the transaction or occurrence that is the subject matter of the original action *for balance due on a contract* are the counterclaims filed against LASA by Alexander and Southern Builders, *claiming breach of that contract*—not Alexander's two cross-claims against Southern Builders and Aydelott for their claimed deliberately malicious, tortious, and dam-

aging conduct, for which Alexander claimed damages of several hundred thousand dollars.

In accordance with the foregoing, in my opinion, the judgments of the District Court should be affirmed in accordance with the opinion of Chief Judge Bailey Brown.