# BROWN v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

## Case No. CL-87-10675-AF

Fifteenth Judicial Circuit, Palm Beach County

July 11, 1988

## OPINION OF THE COURT

DANIEL T. K. HURLEY, Circuit Judge.

### ORDER FINDING DISCOVERY VIOLATION

THIS CAUSE came before the court upon the plaintiffs' motion to determine the sufficiency of defendant's amended responses to plaintiffs' request for admissions and upon the plaintiffs' motion for sanctions. The determinative issue is whether the defendant complied with the requirements of Rule 1.370(a), Fla.R.Civ.P., by making a "reasonable inquiry" before concluding that it could not admit or deny certain requests for admissions.

The Browns purchased uninsured motorist coverage from State Farm. Thereafter, Mr. Brown sustained injuries in an automobile collision involving Juan Molina, an under insured motorist. This resulted in the present suit for UM benefits.

Plaintiffs filed a request for admissions pursuant to Rule 1.370(a), Fla.R.Civ.P. Among other things, they asked:

(a) Please admit that at the time of the accident in question, the intersection of Jessamine Street and Florida Avenue was controlled by a traffic light.

(b) Please admit that at the time of the accident in question, JUAN ARTURO MOLINA was traveling west on Jessamine Street.

(c) Please admit that at the time of the accident, the Plaintiffs' vehicle was traveling north on Florida Avenue.

(d) Please admit that at the time of the accident JUAN ARTURO MOLINA ran the red light.

(e) Please admit that the Plaintiffs' vehicle entered the intersection of Jessamine Street and Florida Avenue with a green light in its favor.

(f) Please admit that the negligence of JUAN ARTURO MOLINA was a proximate cause of the accident in question.

State Farm's initial response stated that it "was without knowledge to admit or deny" the above requests. Plaintiff then filed a motion to determine the sufficiency of the defendant's responses. The motion quoted the rule's provision that "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny." This prompted State Farm to file an amended response in which it denied "f" and said the following about "a" through "e": "Defendant has made a reasonable inquiry and asserts that the information known or readily obtainable is insufficient to enable the Defendant to admit or deny." Once again the plaintiffs filed a motion to determine the sufficiency of the defendant's responses. They also filed a motion for sanctions.

Defense counsel, at the hearing on plaintiffs' motions, indicated that, in fact, no inquiry had been undertaken prior to he filing of either the first or the amended response. Counsel took the position that the request for admissions came early in the case, before depositions could be had, and that she did not care to rely on the police report or the adjuster's summary. Consequently, she filed the responses set forth above.

The provision in Rule 1.370(a), Fla.R.Civ.P., requiring a reasonable inquiry before asserting lack of knowledge or information to admit or deny, is taken directly from Federal Rule 36(a), Fed.R.Civ.P. This provision embodies the policy that "a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process." *Advisory Committee's Note to Rule*

*36(a)*, 48 F.R.D. 531, 533 (1970). The purpose of the rule is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial. *Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir. 1978).

The mere incantation of the magic phrase that a party has made the required reasonable inquiry will not shield it from scrutiny and sanctions, if appropriate, when the obligation of the rule have not been fulfilled. *See Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242 (9th Cir. 1981). "The discover process is subject to the overriding limitation of good faith. Callous disregard of discovery responsibilities cannot be condoned." *Id.*, at 1246. In the case at bar, the rule was disregarded in the first instance and subverted in the second. Despite the written assertion to the contrary, no inquiry, let alone a reasonable inquiry, was instigated prior to the filing of defendant's amended response.

The suggestion that the request for admissions came too early in the case and, thus, justified disregarding the rule is simply wrong. An answering party has multiple options which include moving for an extension of time in which to respond to the request. Additionally, counsel may move for a protective order if he considers that the request will subject him to annoyance, embarrassment, oppression, undue burden or expense. *See 8 Wright & Miller, Federal Practice and Procedure: Civil section 2259 (1970).*

"[I]n order to reply that it cannot 'truthfully admit or deny' the request, the [answering party] must demonstrate that it has taken reasonable measures to discover the truth or falsity of the requested fact." *Adley Express Co. v. Highway Truck Drivers & Helpers Local 107*, 349 F.Supp. 436, 451 (E.D. Pa. 1972). The concept of 'reasonable inquiry' requires the answering party to make an investigation of third persons in order to acquire sufficient knowledge to comply with the request if those third persons are trustworthy and readily available. *See Dulansky v. Iowa-Illinois Gas & Electric Co.*, 92 F.Supp. 118, 123 (S.D. Iowa 1950). In short, a 'reasonable inquiry' requires the answering party to make "[a] good faith effort to ascertain the existence of the fact or genuineness of the document . . . where sources of corroboration are at hand." *Criterion Music Corp. v. Tucker*, 45 F.R.D. 435, 536 (S.D. Ga. 1968).

Rule 1.370(a), Fla.R.Civ.P., expressly incorporates the sanction provisions of rule 1.380(a)(4), Fla.R.Civ.P. The latter rule authorizes an award of attorney's fees to reimburse the party who has had to resort to the court to force another to comply with the discovery rules. Accordingly, it is

ORDERED and ADJUDGED as follows:

(1) The defendant's responses to "a" through "e", which are set forth above, are deemed to be insufficient and are herewith stricken. Defendant, in full compliance with the rule, shall file a first amended response to the plaintiffs' request for admissions within five (5) days of the entry of this order.

(2) The court reserves jurisdiction to determine and award a reasonable amount of attorney's fees and costs which were incurred in this effort to force compliance with the discovery rules.

DONE and SIGNED in Chambers at West Palm Beach, Florida, this 11th day of July, 1988.